**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GRAND RESOURCES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14-CV-642-JED-PJC |
| v. ) | |
| ) | |
| SALLY JEWELL, THE ) | |
| DEPARTMENT OF INTERIOR; ) | |
| CLINT L. OSBURN, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Before the Court are defendant Clint L. Osburn's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 16) and defendant United States of America's Motion to Dismiss (Doc. 24), both of which request that the Court dismiss plaintiff's Amended Complaint (Doc. 11). As both Motions assert similar grounds for dismissal, the Court analyzes them simultaneously.

**I.    Background**

The Osage Allotment Act (the "Act"), 34 Stat. 539, passed in 1906, divided land in Osage County among the members of the Osage Tribe. The Act established a subsurface mineral estate trust, held by the United States, on behalf of the Osage Tribe. *Id.* at § 2.7. The Department of the Interior manages oil and gas extraction leases. *Id.* The Act was amended in 1929 to establish a mandatory administrative procedure for surface owners or lessees of Osage County land to address claims for damages caused by oil or gas extraction on Osage County land. Act of March 2, 1929, ch. 493, § 1, 45 Stat. 1478–79. The amended Act requires surface owners or lessees to arbitrate claims arising from damage caused by oil or gas extraction. *Id.* The Department of the Interior has set forth a detailed procedure in order to recover damages. 25

C.F.R. § 226.21; *see also Quarles v. U.S. ex rel. Bureau of Indian Affairs*, 372 F.3d 1169, 1172 (10th Cir. 2004).

Plaintiff is the lessee of an oil and gas mining lease of Osage County land. Defendant Osburn owns property in Osage County that is subject to plaintiff's lease. On September 15, 2014, Osburn provided plaintiff a written notice of damages he asserted he incurred as a result of plaintiff's operations on his land. (*See* Doc. 2, ¶ 15; Doc. 11-2)[1]. Thereafter, the parties engaged in settlement negotiations but failed to agree on an amount of damages. Plaintiff acknowledges that arbitration is required under 25 C.F.R. § 226.21(c), but refused to engage in mandatory arbitration. (*See* Doc. 2, ¶¶ 31-32). Plaintiff alleges that it owes no compensation to defendant Osburn because his predecessors-in-interest were compensated for surface damages. In the alternative, plaintiff asserts that the activities for which defendant seeks compensation—laying lead lines, building roads, paving roadways, entering and exiting the property—are rights granted to plaintiff under 25 C.F.R. § 226.19(a) and cannot form the basis for damages. (*Id.*, ¶¶17-19)

Plaintiff filed this lawsuit pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1346(2), and 28 U.S.C. § 2201. Plaintiff's first and third causes of action seek a declaratory judgment from the Court that plaintiff's activities are not compensable and do not constitute damages under the Act. (Doc. 2, ¶ 27; Doc. 11, ¶¶ 8, 27). Plaintiff's second cause of action requests the Court to enjoin and prevent defendant Osburn from enforcing the mandatory arbitration provision set forth in 25 C.F.R. § 226.21(c). (Doc. 2, ¶ 33; Doc. 11, ¶ 9).

**II.    Legal Standard**

---

[1] Because plaintiff's Amended Complaint (Doc. 11) incorporates by reference the allegations contained in his original Complaint (Doc. 2), the Court references both documents.

A court may dismiss a case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). "Federal courts are 'courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Sunshine Haven Nursing Operations, LLC v. U.S. Dep't of Health & Human Servs.*, 742 F.3d 1239, 1246 (10th Cir. 2014) (quoting *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1201 (10th Cir. 2012)). The party invoking the court's jurisdiction has the burden to allege jurisdictional facts demonstrating subject matter jurisdiction. *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007). "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (citation omitted).

**III.    Discussion**

Both defendants assert that plaintiff's Amended Complaint should be dismissed because there is no federal question jurisdiction. (Doc. 16 at 3-4; Doc. 24 at 6). Plaintiff's briefing does not dispute that his claims arise under state law, but argues that federal question jurisdiction exists because the Amended Complaint raises a substantial federal issue. (Doc. 21 at 3-4; Doc. 29 at 4-5). Specifically, plaintiff argues that the interpretation of 25 U.S.C. § 226.19(a) involves the "nature and scope of the BIA's duties to the Osage Nation." (Doc. 29 at 5).

Where a lawsuit is not grounded in federal law, a plaintiff may establish subject matter jurisdiction in federal court by showing that "'a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *Becker v. Ute Indian Tribe of the Uintah &*

3

*Ouray Reservation*, 770 F.3d 944, 947 (10th Cir. 2014) (quoting *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013)). This doctrine is referred to as the substantial federal question doctrine.

Plaintiff cannot show that a federal question exists in the present case. The Court's decision rests primarily on the fact that other judges in this district have held that the same claim plaintiff asserts here does not implicate the substantial federal question doctrine. For example, in *Nadel & Gussman, LLC v. Reed Family Ranch, LLC*, 998 F. Supp. 2d 1211 (N.D. Okla. 2014), the district court rejected the plaintiff's contention that interpretation of 25 C.F.R. § 226.19(a) — the same provision plaintiff cites here— as it related to the installation of electrical lines, created subject matter jurisdiction. *Id.* at 1216. Notably, the court determined that no serious federal interests were implicated because:

> [T]he mere fact that a federal regulation is involved does not mandate a finding of a substantial federal question. Further, the precise question presented—whether surface owners are entitled to damages caused by installation of electrical lines—does not directly implicate any overriding federal interests of the Act, such as protection of the underlying Osage mineral estate held in trust by the United States. *See generally Quarles,* 372 F.3d at 1172 (explaining that "the Act established a subsurface mineral estate trust, held by the United States, on behalf of the Osage Tribe" and that "[t]he Secretary of the Interior is directed to manage oil and gas extraction leases, with the royalties earned from the leases reserved to the Osage Tribe"). Instead, answering this question impacts the outcome of what are essentially land-damage disputes between oil and gas lessees and surface owners in Osage County.

*Id.* at 1217-18. The court found further support for its decision based on the fact that Oklahoma courts had addressed similar issues in the past and were capable of deciding "the interpretive question regarding the regulation." *Id.* at 1218. Similarly, in *Rennie v. T & L Oil Inc.*, 2008 WL 2165892, at *3–4 (N.D. Okla. May 20, 2008), *amended and vacated in part on reconsideration,* 2008 WL 2906091 (N.D. Okla. July 24, 2008), the district court noted that "the fact that the Court must review federal statutory law to determine whether [plaintiff] may pursue her state law

4

claims against [the lessee] in a federal forum 'does not transform Plaintiff['s] action from one arising under [Oklahoma] law into one arising under federal law.'" (quoting *Frazier v. Turning Stone Casino*, 254 F.Supp.2d 295, 303 (N.D.N.Y. 2003)).   By contrast, in a case where no claims are brought under the Act, Rule 12(b)(1) dismissal is improper.  *Quarles v. U.S. ex rel. Bureau of Indian Affairs*, 372 F.3d 1169, 1173 (10th Cir. 2004) (reversing district court's dismissal of action where landowner had raised many statutory and common law claims, but none of which implicated the Act).  Here, the sole basis of plaintiff's lawsuit is the Act—specifically, 25 U.S.C. § 226.19(a).  Accordingly, the Court does not have subject matter jurisdiction over this case.

Plaintiff also fails to meaningfully distinguish *Nadel*.  Plaintiff relies primarily on the fact that the dispute in that case had already been submitted to arbitration and the federal lawsuit was filed to appeal the arbitration decision.  (Doc. 21 at 5).  This fact alone does not change the Court's determination.  Plaintiff's refusal to engage in mandatory arbitration cannot create federal jurisdiction.[2]

**IV.     Conclusion**

For the reasons discussed, defendant Clint L. Osburn's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 16) and defendant United States of America's Motion to Dismiss (Doc. 24) are **granted**.  Plaintiff's Amended Complaint (Doc. 11) is **dismissed**.

A separate judgment of dismissal will be entered herewith.

SO ORDERED this 10th day of August, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[2] As the Court has decided it lacks subject matter jurisdiction over this dispute, it need not address defendant Department of the Interior's argument that dismissal is also appropriate under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.